1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

TOBIAS RIVERA,                          ) CV 05-02614 SH
                                        )
            Plaintiff,                  ) MEMORANDUM DECISION
                                        ) AND ORDER
            v.                          )
                                        )
JO ANNE B. BARNHART,                    )
Commissioner of Social Security,        )
                                        )
            Defendant.                  )
_____ )

## I. <u>JURISDICTION</u>

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Disability Insurance Benefits ("DBI") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.  The parties have consented to the jurisdiction of the Magistrate Judge under 28 U.S.C. § 636(C).

## II. PROCEDURAL BACKGROUND

Plaintiff Tobias Rivera filed an application for SSI on January 17, 2002. (Administrative Law Record ["AR"] 166-68). Plaintiff also filed an application for DIB on December 17, 2002 alleging an inability to work since February 28, 2000 due to seizures. (AR 46-49). His applications were denied initially and upon reconsideration. A hearing before an Administrative Law Judge ("ALJ") was held on July 29, 2003. (AR 173-90). Following the receipt of a decision denying benefits, Plaintiff sought review to the Appeals Council (AR 20, 26-32). The Appeals Council declined to review on February 9, 2005 (AR 5-7). This action followed. The parties have filed their pleadings, the defendant has filed the certified transcript of record, and the parties have filed a Joint Stipulation.

## III. ISSUES

Plaintiff makes five challenges to the ALJ's determination that Plaintiff was not disabled. Plaintiff alleges that the ALJ erred (1) in evaluating Plaintiff's seizure disorder; (2) in properly considering the impact of Plaintiff's seizure disorder on his capacity to work; (3) in evaluating Plaintiff's mental impairment; (4) in posing a hypothetical to the vocational expert ("VE") that included all of Plaintiff's limitations; and (5) in properly evaluating Plaintiff's credibility. For the forgoing reasons, the Court finds that Plaintiff's fourth and fifth claims of error have merit.

## IV. DECISION

An ALJ's decision to deny benefits must be based upon substantial evidence and proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). This Court cannot disturb the ALJ's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports the plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir.

1973) (cert. denied).  It is the duty of this Court to review the record as a whole and to consider adverse as well as supporting evidence.  <u>Green v. Heckler</u>, 803 F.2d 528, 529-30 (9th Cir. 1986).  This Court is required to uphold the decision of the ALJ where evidence is susceptible to more than one rational interpretation.  <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1453 (9th Cir. 1984).

### A.   THE ALJ APPROPRIATELY CONSIDERED PLAINTIFF'S SEIZURE DISORDER

Plaintiff asserts several arguments as to why the ALJ failed to appropriately consider Plaintiff's seizure disorder and its impact on Plaintiff's ability to work.  Although Plaintiff failed to articulate a coherent argument, his arguments essentially boil down to two main issues which this Court has considered.  First, Plaintiff attempts to assert that the ALJ erred by not giving proper weight to Plaintiff's treating physician (Dr. Yuan), and failed to give specific reasons for his rejection of Dr. Yuan's opinion.  Second, Plaintiff argues that the ALJ committed error by not finding that Plaintiff's seizure disorder meets the criteria for disability under Medical Listing 11.02(B).

Plaintiff's minor allegations of error, such as the ALJ's inconsistent remarks and failure to develop the record, will not be addressed in depth because at most they constitute harmless error.  These errors are not material because they do not change the outcome of the case.  The ALJ appropriately considered the medical evidence pertaining to Plaintiff's seizure disorder.  See <u>Vincent v. Heckler</u>, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (The Commissioner need not discuss all evidence presented, rather the Commissioner need only explain why significant evidence has been rejected).

Defendant argues that the ALJ did not commit error because his decision was supported by the opinion of Dr. Mitri.  In addition, Defendant asserts that

Plaintiff does not meet the requirements for disability in the Medical Listings and that the ALJ's inconsistencies are harmless error.

### 1.     The ALJ Appropriately Disregarded Dr. Yuan's Opinion.

The ALJ appropriately disregarded Dr. Yuan's opinion.  A treating physician's opinion is not necessarily conclusive as to the ultimate issue of disability.  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  20 C.F.R. § 416.927 (2004).  Treating physicians' opinions are not accorded more weight if they are not supported by medical evidence.  Batson v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004).  An ALJ can reject a treating physician's opinion when contradicted by other medical opinions if the ALJ provides specific and legitimate reasons supported by substantial evidence in the record.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ has discretion to choose between contradicted medical evidence.  Sanchez v. Sec. of Health & Human Servs., 812 F.2d 509, 511 (9th Cir. 1987).

The ALJ properly rejected Dr. Yuan's opinion presented in the Seizures Residual Functional Capacity Questionnaire (Exhibit 4F).  Although Plaintiff is correct in asserting that the ALJ did not specifically state that he was rejecting *Dr. Yuan's* opinion, it is clearly apparent (as Plaintiff also acknowledges) that the ALJ was referring to Dr. Yuan when rejecting the findings in Exhibit 4F.  (AR 29).  It is clear that the ALJ was referring to Dr. Yuan because Dr. Yuan was the doctor who filled out the questionnaire.  Magallanes v. Bowen, 881 F.2d at 755 (a reviewing court may draw specific and legitimate inferences from the ALJ's opinion discussing relevant physician's findings and opinions "if those inferences are there

1  to be drawn").

2      The ALJ gave appropriate reasons for his rejection of Dr. Yuan's opinion.

3  First, the ALJ explained that the Questionnaire was not accompanied by proper

4  medical records.  (AR 29).  In order to constitute substantial evidence, the

5  Questionnaire must be substantiated with medical records.  The ALJ correctly

6  pointed out that the Questionnaire was only supported by an evaluation, not

7  treatment notes.  (AR 29, 130-31); Batson 359 F.3d at 1195 (9th Cir. 2004).

8  Furthermore, Defendant correctly pointed out that only one of the medical records

9  that accompanied the Questionnaire was attributable to Dr. Yuan, and that it was

10  filled out the same day as the Questionnaire.  (AR 130-31).

11      Second, the ALJ explained that it appeared that Dr. Yuan was acting as an

12  advocate on behalf of Plaintiff.  (AR 29).  Matney v. Sullivan, 981 F.2d 1016, 1020

13  (9th Cir. 1992) (finding that the physician's assessment was entitled to less weight

14  when the physician acted as an advocate in the Plaintiff's quest for Social Security

15  benefits).  This assertion is plausible given the fact that Dr. Mitri treated Plaintiff

16  for four years, while Dr. Yuan was only one of a few doctors who treated Plaintiff

17  at King Drew Medical Center spanning less than a year.  (AR 130-134).  As noted

18  above, one of the medical forms that accompanied the Questionnaire was filled out

19  the same day and had notes pertaining to the fact that Plaintiff was seeking Social

20  Security benefits.  (AR 130).  Defendant made the correct observation that Dr.

21  Yuan's history with Plaintiff was short and that Dr. Yuan unlikely observed

22  Plaintiff's seizure disorder or the residual effects first hand.

23      Lastly, the ALJ appropriately relied on the opinion of Dr. Mitri.  Dr. Mitri

24  was also considered a treating physician by the ALJ.  (AR. 29).  The ALJ

25  acknowledged that Plaintiff was treated for a seizure disorder by Dr. Mitri.  (AR

26  28, 142-148).  The ALJ appropriately cited the opinion of Dr. Mitri.  Dr. Mitri

27

28                                                     5

opined that Plaintiff could return to work so long as he refrained from climbing or working around heavy machinery. (AR 29, 145, 147). The ALJ considered the opinion of Dr. Mitri and concluded that Plaintiff should adhere to precautions imposed by a seizure disorder. (AR 29).

It is the ALJ's discretion to weigh conflicting evidence. <u>Sanchez</u>, 812 F.2d at 511. It is apparent from the record that the ALJ appropriately weighed medical evidence, considered Plaintiff's seizure disorder, and took into the account the impact that it would have on Plaintiff's ability to work.

2.   <u>The ALJ Appropriately Found that Plaintiff's Impairment Did Not Meet the Requirements of Medical Listing 11.02B.</u>

The ALJ was justified in concluding that Plaintiff's impairment did not meet the criteria of the Listing. The ALJ is required to consider plaintiff's impairments in light of the Listing of Impairments (the Listing). 20 C.F.R. §404, Subpart P, Appendix 1. The Listing sets forth certain impairments which are presumed to be of sufficient severity to prevent the performance of work. 20 C.F.R. §416.925(a) (2004). The mere diagnosis of an impairment listed in Appendix 1 is not sufficient to sustain a finding of disability. <u>Key v. Heckler</u>, 754 F.2d 1545, 1549-50 (9th Cir. 1985). It must be shown that the findings for the impairment are found in the record. <u>Id.</u>

Taking into consideration the fact that the ALJ was justified in rejecting Dr. Yuan's opinion and in relying on Dr. Mitri's opinion, it was not error for the ALJ to conclude that Plaintiff did not meet the criteria of Listing 11.02(B). In order to meet the criteria, a claimant must exhibit "[C]onvulsive epilepsy (grand mal or psychomotor), documented by detailed description of a typical seizure pattern, including all associated phenomena; occurring more frequently than once a month in spite of at least 3 months of prescribed treatment," and have "Nocturnal episodes manifesting residuals which interfere significantly with activity during the day." 20 C.F.R., Part 404, Subpt. P., App. 1, §11.00. Relying on Dr. Mitri's opinion, the ALJ decided correctly that Plaintiff did not meet the criteria of the Listing. There

is no evidence in Dr. Mitri's records that Plaintiff could not return to work due to excessive residuals from his nocturnal seizures.

### B.   THE ALJ APPROPRIATELY EVALUATED PLAINTIFF'S MENTAL IMPAIRMENTS

Plaintiff asserts arguments as to why the ALJ failed to consider his mental impairments correctly.  First, Plaintiff argues that the ALJ committed error by not finding that his mental disorder meets the criteria for disability under the Medical Listings 12.01(A)(7) and 12.05(C).  Second, Plaintiff makes the argument that the ALJ erred by not including his mental impairment in his determination of Plaintiff's Residual Functional Capacity ("RFC").  Defendant correctly argues that Plaintiff does not meet the criteria of the Listings under 12.05(C).

Plaintiff's first argument has no merit.  Plaintiff failed to meet the criteria of Listing 12.02(A)(7)[1] and failed to meet the criteria for Listing 12.05(C).  In order to meet 12.02(A)(7) Plaintiff needed to demonstrated that he had an organic mental disorder and that his IQ fell by a minimum of 15 points.  20 C.F.R. §404, Subpart P, Appendix 1.  In addition, Plaintiff also needed to meet the requirements in subpart B.  Not only did Plaintiff fail to present evidence that his IQ fell 15 points, he failed to address the requirements listed in subpart B.  20 C.F.R. §404, Subprt P, Appendix 1.  20 C.F.R. §§404.1525(d), 416.925(d); <u>Sullivan v. Zebley</u>, 493 U.S. 521, 531 (1990) (in order to establish disability, a claimant must present medical findings equal in severity to all criteria for the one most listed impairment).

Plaintiff also failed to meet the requirements of Listing 12.05(C).  In order to meet the criteria of 12.05(C) Plaintiff needed to have evidence of mental retardation prior to the age of 22, have an IQ between 60 and 70, and have other impairments.  20 C.F.R. §404, Subprt P, Appendix 1.  Plaintiff incorrectly asserts that he meets the requirements.  First, Plaintiff acknowledges that there is no

---

[1] Plaintiff incorrectly asserted Listing "12.01(A)(7)."

7

evidence of mental retardation prior to his becoming 22 years old, and furthermore his IQ was assessed at 71.  The ALJ did not err in evaluating plaintiff mental impairment under the Medical Listings.

Plaintiff also incorrectly asserts that the ALJ did not consider Plaintiff's mental impairment in assessing his FCR.  In his decision the ALJ specifically states that he gave the Plaintiff the benefit of the doubt and limited him to unskilled work because of his IQ.  (AR 29).  The ALJ properly evaluated Plaintiff's mental impairment.

### C.  THE ALJ COMMITTED LEGAL ERROR BY POSING AN INCOMPLETE HYPOTHETICAL TO THE VE

The ALJ found that Plaintiff could not return to his previous work, and therefore  appropriately consulted a VE.  20 C.F.R. §404.1520.  Where a plaintiff shows that he cannot return to his previous work, the ALJ must show that he can do other kinds of work.  Magallanes v. Bowen, 881 F.2d 747, 756 (9th Cir. 1989).  The ALJ may satisfy this burden by eliciting the testimony of a VE in response to a hypothetical.  Id.  The ALJ erred in this case by relying on the VE's testimony that was in response to an improper hypothetical.

Plaintiff asserts that the ALJ erred by failing to pose a hypothetical that included Plaintiff's mental limitations.  Plaintiff asserts that the ALJ should have included that Dr. Gill, the consulting examining psychiatrist, limited plaintiff to simple and repetitive tasks.  Plaintiff argues that a proper hypothetical must include all limitations that are supported by evidence and that reliance on an incomplete hypothetical is material error.  Defendant argues that the ALJ did not commit error because the ALJ is not required to include every piece of medical opinion in the hypothetical.

The ALJ failed to pose a hypothetical that included all of Plaintiff's limitations.  The assumptions contained in the ALJ's hypothetical to a VE must be supported by the record; otherwise, the opinion of the VE that the plaintiff has residual working capacity has no evidentiary value.  Embrey v. Bowen, 849 F.2d

418, 422 (9th Cir. 1988).  Hypothetical questions posed to the VE must set out <u>all</u> the limitations of the plaintiff.  <u>Flores v. Shalala</u>, 49 F.3d 562, 570-71 (9th Cir. 1995); <u>Andrews v. Shalala</u>, 53 F.3d 1035 (9th Cir. 1995); <u>Embrey</u>, 849 F.2d at 422 (emphasis in original).  The hypothetical question must be accurate, detailed, and supported by the medical record.  <u>Gamer v. Sec. of Health & Human Servs.</u>, 815 F.2d 1275, 1279-80 (9th Cir. 1987).  A vocational expert's response to a hypothetical constitutes substantial evidence only if it is reliable in light of the medical evidence.  <u>Embrey</u>, 849 F.2d at 422.

In the case at hand, the ALJ erred because he posed an incomplete hypothetical to the VE and then relied on the VE's testimony in determining that Plaintiff retained certain residual working capacity.

Dr. Gill concluded that Plaintiff was "[A]ble to learn and implement a simple and repetitive task . . ." (AR 112).  Dr. Gill also stated that Plaintiff was at the borderline of intellectual functioning with an IQ of 71.  (AR 111).  Dr. Gill's psychological exam constituted the only medical evidence pertaining to Plaintiff's mental limitations.  The ALJ summarized the psychological evaluation and concluded that plaintiff was limited to unskilled work.  (AR 28-29).  However, the ALJ failed to include any mention of Plaintiff's mental limitations in the hypothetical he posed to the VE.  (AR 188).  This constitutes error because the ALJ must set out all of Plaintiff's limitations in the hypothetical.  <u>DeLorme v. Sullivan</u>, 924 F.2d 841, 850 (9th Cir. 1991) (holding that the ALJ committed legal error by not including Plaintiff's mental impairment in the hypothetical posed to the VE).  The ALJ made no mention of plaintiff's mental limitations in the hypothetical, therefore the VE's testimony did not constitute substantial evidence.

Defendant relies on <u>Osenbrock</u> to support the assertion that the ALJ need not include every finding in the record to a vocational expert.  240 F.3d at 1163.  However, <u>Osenbrock</u> is distinguishable.  In that case, the plaintiff argued that the ALJ committed error for not including all impairments that the plaintiff alleged he had.  Id.  However, it was held not to be error for the ALJ to exclude the alleged impairments because there was no medical evidence to support them.  In the case at

hand, however it was error for the ALJ to exclude Plaintiff's mental limitations because there was medical evidence from Dr. Gill to support them.

### D.   THE ALJ IMPROPERLY REJECTED PLAINTIFF'S TESTIMONY

The ALJ erred by rejecting Plaintiff's testimony without providing specific reasons for doing so.  The ALJ's assessment of plaintiff's credibility should be given great weight.  Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Plaintiff's self-serving statements may be disregarded if unsupported by objective evidence.  Bellamy v. Secretary of Health & Human Servs., 755 F.2d 1380, 1382 (9th Cir. 1985).  "If the ALJ's decision is based on a credibility assessment, there must be an explicit finding as to whether the plaintiff's testimony was believed or disbelieved and the testimony must not be entirely discounted simply because there was lack of objective findings."  Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).  If the ALJ chooses to disregard plaintiff's testimony, the ALJ must set forth specific cogent reasons for disbelieving it.  Lewin v. Schewiker, 654 F.2d 631, 635 (9th Cir. 1981).  In finding that a claimant lacks credibility, an ALJ must set forth clear and convincing reasons supported by the record.

Plaintiff argues that the ALJ failed to articulate reasons for rejection of Plaintiff's testimony pertaining to his severity and frequency of his seizures and the residual effects.  Defendant argues the contrary.

Plaintiff is correct is asserting that the ALJ failed to give specific and legitimate reasons for finding Plaintiff incredible and for rejecting his testimony. Given that there is objective evidence that Plaintiff does have a seizure disorder, the ALJ failed in providing adequate reasoning for rejecting Plaintiff's testimony. This constitutes legal error because Plaintiff's credibility is important for the determination as to the frequency and residual effects that his seizures have on his ability to work.  Therefore, the ALJ failed to properly discredit the Plaintiff resulting in legal error.

# V. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further proceedings in accordance with the decision, pursuant to Sentence 4 of 42 U.S.C. §405(g).

DATED: June 20, 2006

_____/S/_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

11